IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1012 |
| | ) | |
| DARLINGTON TWP., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

## I. INTRODUCTION

Before this Court is Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) (Docket No. 21). For the following reasons, the Court GRANTS the motion, in part, and DENIES the motion, in part, as moot.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background and procedural history pertinent to the instant motion are as follows. This suit arises out of Plaintiff Bryan Moore's ("Plaintiff" or "Moore") employment with Defendant Darlington Township. Defendant Darlington Township ("Township" or "Defendant Township") is a municipality located in Beaver County, Pennsylvania. Defendant Hans Dahlin ("Defendant Dahlin") is the Chair of the Board of Supervisors of Darlington Township. Defendants Robert McRoberts ("Defendant McRoberts") and John Nicely ("Defendant Nicely") are members of the Board of Supervisors of Darlington Township.

Plaintiff alleges that Darlington Township employed him as a part-time patrolman beginning in 1999. (Docket No. 18 at 3). He was promoted to full-time police chief in April of 2001, at which time he claims Defendant Township promised to grant him certain employment benefits. (*Id.*)

Concurrent with these positions with Defendant Township, Moore worked as a part-time park ranger with the Pennsylvania Department of Conservation and Natural Resources ("PDCNR"). (*Id.*). Moore claims that the Township never provided him the employment benefits he had allegedly been promised, and, as a result, he accepted a full-time position with the PDCNR in November 2003. (*Id.*). Plaintiff claims that as a result of accepting this full-time position, his hours with Defendant Township were reduced to part-time, but that he maintained the rank of police chief. (*Id*. at 4).

Moore fell and injured his left shoulder on March 2, 2006 while working for the PDCNR. Moore underwent at least four surgeries and received workers' compensation benefits from the Commonwealth of Pennsylvania as a result of this injury. (*Id.*). On December 17, 2007, following one of the aforementioned surgeries, Moore was released by his physician to return to full duty work at both jobs. (*Id*. at 5). However, Moore alleges that the Township refused to allow him to return to work as police chief because of disciplinary problems. (*Id.*). The Township demoted Moore to part-time patrolman on December 18, 2007, decreased his wages, and ultimately fired him at a public meeting on February 25, 2008. (*Id*. at 6).

Moore alleges that the Defendants did not fire him on the basis of any disciplinary problems but rather because he: (1) exercised his rights to receive workers' compensation benefits from the Commonwealth; (2) supported his brother in the primary election against Defendant Dahlin; (3) refused to sign a petition supporting Dahlin for re-election in a public meeting on February 12, 2007; and (d) criticized the Defendants for providing Holly Nicely, Defendant Nicely's daughter-in-law, with vacation pay and benefits in her role as secretary and treasurer of the Township, but denying the same benefits to him as police chief. (*Id*. at 6-7).

Moore claims that the Township and Defendants Dahlin, McRoberts, and Nicely acted in knowing disregard to his rights to free speech and to freely associate with others as guaranteed by the First and Fourteenth Amendments to the Constitution (Count I).

The Court notes that Plaintiff moved to withdraw Counts II, III, and IV of the Amended Complaint on December 15, 2008. (Docket No. 31). The Court granted said motion on December 16, 2008 (Docket No. 32). Accordingly, insofar as the instant motion seeks to dismiss Counts II, III, and IV, said motion is denied as moot. As all but Count I of the Amended Complaint have been withdrawn, the Court will address the instant motion only as it relates to Count I of the Amended Complaint.

## III. DISCUSSION

### A. Standard of Review

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Ehrheart v. Verizon Wireless*, Civil Action No. 07-1165, 2008 U.S. Dist. LEXIS 73416, at *3 n. 1 (W.D. Pa. Sept. 25, 2008)(citing *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S.Ct. 1955 (May 21, 2007)). A claim for relief under Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. A plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level." *Ayers v. Osram Slyvania, Inc.*, Civ. A. No. 07-1780, 2008 U.S. Dist. LEXIS 72644, at *6 (M.D. Pa. Sept. 24, 2008) (citing *Twombly*, 127 S.Ct. at 1965). In considering a Rule 12(b)(6) motion, a court must view all of the plaintiff's allegations as true and construe all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin.*

*Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

### B. Defendants' Partial Motion to Dismiss

#### 1. *Plaintiff's "Due Process" Claim (Paragraph 34 of Count I)*

Defendants have moved to strike Paragraph 34 of Plaintiff's Amended Complaint on the basis that Plaintiff has admitted "he had no property or liberty interest in his employment," and therefore has no Fourteenth Amendment due process claim. (Docket No. 22 at 17). In response, Plaintiff admits that he has no property or liberty interest in his employment with Defendant Township. (Docket No. 28 at 14).

While Plaintiff undoubtedly has a right to speak and associate freely, he points to no facts that would indicate these rights were violated except as they relate to the termination of his employment with Darlington Township. However, Plaintiff has admitted he has no liberty or property interest in said employment (Docket No. 28 at 15), and in his brief in opposition to the instant motion, he has indicated he never intended to make a Fourteenth Amendment due process claim. (*Id.*). Accordingly, Defendants' motion to strike Plaintiff's claim for "deprivation of liberty without due process" in paragraph 34 of the Amended Complaint is granted.

#### 2. *Plaintiff's Claims for Punitive Damages (Count I)*

As Plaintiff's complaint is unclear as to whether he is seeking punitive damages against Defendants Dahlan, McRoberts, and Nicely as individuals or in their official capacities, Defendants move to dismiss Plaintiff's Amended Complaint to the extent that he seeks punitive damages against

4

Defendants in their official capacities. (Docket No. 22 at 16). Plaintiff, in his response to the instant motion, now asserts that he is only pursuing damages against the Defendants in their individual capacities. (Docket No. 28 at 13). Accordingly, Defendant's motion to dismiss, with prejudice, all claims for punitive damages in Count I of the Amended Complaint against Defendants Dahlan, McRoberts, and Nicely in their official capacities is granted.

**IV. CONCLUSION**

Based on the foregoing analysis, Plaintiff's Partial Motion to Dismiss [21] is GRANTED, in part, and DENIED, in part, as moot. Plaintiff's claim of "deprivation of liberty without due process," contained in Paragraph 34 of the Amended Complaint is stricken. Plaintiff's claims for punitive damages against Defendants Dahlin, McRoberts, and Niceley in their official capacities are dismissed. Plaintiff is to amend his complaint in accordance with this Memorandum Order and to reflect the withdrawal of Counts II, III, and IV by January 5, 2009. In all other respects, the instant motion is denied as moot.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: December 22, 2008
cc/ecf: All counsel of record.